UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00565-RWS |
| | ) | |
| KENNETH MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF MAJOR CASE
FINGERPRINT EXEMPLARS**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Edward Dowd, Assistant United States Attorney for said District, and in support of its motion for this Court to issue an order directing the defendant, Kenneth Moore to provide major case fingerprint exemplars, states as follows:

The Government moves pursuant to Federal Rules of Criminal Procedure 16(d)(1) and 17(c), and the Court's inherent authority, that the Court order Defendant to submit major case fingerprint exemplars (including palm and fingerprints).   These exemplars will resolve expected evidentiary issues, allow for a more concise presentation of evidence at trial, and mitigate potential prejudice related to the compilation of fingerprints obtained from Defendant over the course of numerous arrests that were used for fingerprint comparisons in this case.   (*See United States v. Lovato*, No. 18-cr-064-WJM, 2018 WL 2008841, at 2 (D. Colo. April 30, 2018)).

1

On June 11, 2019, officers in St. Louis County were called to 2022 McLaren for a domestic dispute.   Officers arrived and heard a man and woman yelling inside.   Officers entered the home through a partially opened door and announced their presence.   In the basement, defendant was holding bags of unknown materials.   Officers asked defendant if he was on probation and defendant stated, "No, I'm on parole."   Officers observed a large bulge in defendant's front right hip consistent with a firearm.   Defendant was asked if he had a firearm and he stated, "no."   Defendant was asked if officers could pat him down and he gave the same answer.   Defendant then backed away, turned his body, dropped the bags and began reaching for the area on his hip.   While attempting to gain control of defendant, officers observed and seized a firearm in his waistband.   A search incident to arrest located cocaine base, fentanyl, and methamphetamine.

On July 18, 2019, the grand jury returned an Indictment charging defendant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g).   Doc. 1.   On August 20, 2019, defendant waived his detention hearing.   Docs. 17, 18.   On March 12, 2020, the grand jury returned a Superseding Indictment charging defendant three additional counts: possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a), possession of fentanyl with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).   Defendant remains in custody for his trial which is set for July 6, 2021.   Doc. 107.

On May 19, 2021, in preparation for trial, the Government sent a stipulation to defense counsel, offering the defendant the opportunity to agree that he had been previously convicted of a felony offense and that he knew of his felon status as of July 18, 2019, pursuant to the *Old Chief*

and *Rehaif* decisions.   Defense counsel has indicated that defendant will not sign the stipulations. Therefore, it is the Government's burden at trial to prove those elements.   In preparation for trial, the Government has ordered a "pen pack" from defendant's prior department of corrections facility where he was previously incarcerated to assist in that burden.   The Government is requesting the defendant's fingerprint examplars in order to provide appropriate comparison to the pen pack and other fingerprints taken at the time of defendant's other arrests.

The collection and comparison of fingerprints/palm prints does not violate the Fifth Amendment. The core protection afforded by the self-incrimination clause of the Fifth Amendment is the prohibition on compelling a criminal defendant to testify against himself at trial. *United States v. Patane*, 542 U.S. 630, 637 (2004) and *Oregon v. Elstad*, 470 U.S. 298, 304 (1985). The Fifth Amendment is not implicated when the only evidence at issue is physical, non-testimonial evidence. *United States v. Flores-Sandoval*, 474 F.3d 1142, 1147 (8th Cir. 2007). The Fifth Amendment's Self Incrimination Clause "offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court…" *United States v. Villalba-Alvarado,* 345 F.3d 1007, 1019 (8th Cir. 2003), *quoting*, *Schmerber v. California*, 384 U.S. 757, 764 (1966); *United States v. Wade*, 388 U.S. 218, 223 (1967) (the privilege "offers no protection against compulsion to submit to fingerprinting, photography, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or make a particular gesture … because none of these activities becomes testimonial within the scope of the privilege," *quoting Schmerber*, 384 U.S. at 764). *See also Pennsylvania v. Muniz*, 496 U.S. 582, 589-90 (1990), ("…we have long held that the privilege [of the Self-Incrimination Clause of the Fifth Amendment] does not protect a suspect from being

compelled by the State to produce 'real or physical evidence.'"); *United States v. Dionisio*, 410 U.S. 1, 14, 15 (1973); *Davis v. Mississippi*, 394 U.S. 721, 727 (1969).

Defendant, who is lawfully in custody by virtue of a grand jury indictment and detention order, has no valid Fourth Amendment claim to challenge the non-testimonial production of his fingerprints.  From the advent of this technique, courts had no trouble determining that fingerprinting was a natural part of "the administrative steps incident to arrest."  *Maryland v. King*, 133 S.Ct. 1958, 1976 (2013), *quoting County of Riverside v. McLaughlin*, 500 U.S. 44, 58 (1991).  By the middle of the 20th Century, it was considered "elementary that a person in lawful custody may be required to submit to photographing and fingerprinting as part of the routine identification processes."  *Id.*, *quoting Smith v. United States*, 324 F.2d 879, 882 (C.A.D.C. 1963). Even were defendant not in custody, the Fourth Amendment permits fingerprinting of individuals "if there is reasonable suspicion that the suspect has committed a criminal act, if there is a reasonable basis for believing that fingerprinting will establish or negate the suspect's connection with the crime, and if that procedure is carried out with dispatch."  *Hayes v. Florida*, 470 U.S. 811, 817 (1985); *see United States v. Aquilar-Vallejo*, No. CR 08-00870 JW, 2009 WL 10700623, at 2 (N.D. Calif. August 5, 2008).

In the absence of any valid constitutional objection to this procedure, the United States moves this court for an order to compel defendant Moore to submit major case exemplars wherever he is detained.  *See United States v. Aquart*, No. 3:06CR160 (PCD), 2006 WL 2380807, at 2-3 (D. Conn. August 15, 2006) (denying motion for reconsideration of order granting motion to compel major case fingerprint exemplars); *United States v. Lovato*, No. 18-cr-064-WJM, 2018 WL

2008841, at 2 (D. Colo. April 30, 2018) (granting government's motion to compel DNA and fingerprint exemplars).

Obtaining a major case fingerprint exemplar will allow for a more probative and concise presentation of evidence at trial, thereby furthering judicial economy during the COVID-19 pandemic.   This exemplar will potentially streamline the presentation of fingerprint evidence and analysis.   Moreover, the exemplar may mitigate the need for the potential of prejudicial evidence.

Major case fingerprints are relevant because they contain a more comprehensive known sample, including palm prints, which are particularly necessary and probative because they establish the identification of Defendant in this case, as well as his prior status as a felon and his knowledge of that status.   *See United States v. Lovato*, No. 18-cr-064-WJM, 2018 WL 2008841, at 2.

Relying upon the authority of the Court, and F.R.C.P. 17(c) and 16(d)(1), the government seeks the production of the major case fingerprint exemplar for use before and at trial.   Based upon the totality of the circumstances, the government seeks the production of the exemplars as soon as practicable.   Based upon the foregoing, it is fair to conclude as follows: (1) the exemplars are relevant and evidentiary; (2) the exemplars are not otherwise procurable reasonably in advance of trial; (3) that the government cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may unreasonably delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.   *See United States v. Vanegas*, 112 F.R.D. 235, 238-41 (D.N.J. October 28, 1986), (*citing* Federal Rule of Criminal Procedure 17(c), and granting motion to produce handwriting exemplars (citations otherwise omitted)).   Fingerprint evidence and analysis is central to the

5

government's case.   The evidence is highly relevant:   Defendant, by pleading not guilty, puts every element, including his identity squarely at issue.   The exemplars are necessary for trial, and there is no other means by which to obtain the exemplars, other than from Defendant.   Although not required, this application is supported by reasonable suspicion and probable cause.   In addition to the summary facts detailed above, the grand jury indictment establishes probable cause.   As previously stated, the application is evidentiary, supports judicial economy, and mitigates the potential of unfair prejudice against Defendant.

The government proposes that a qualified St. Louis County fingerprint technician or Latent Fingerprint Analyst obtain a major case fingerprint exemplar from defendant wherever he is presently detained.   The government does not object to the presence of defense counsel at the production of major case fingerprint exemplars at a mutually convenient time and proposes that both counsel for the Government and defendant be present for the taking of the Major Case Fingerprint Exemplar.

WHEREFORE, the Government respectfully requests that the Court order Defendant Kenneth Moore to submit to the taking of major case fingerprint exemplars (including fingerprints and palms).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Edward L. Dowd III*
Edward L. Dowd III #61909(MO)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kevin Curran
Attorney for Defendant

/s/ *Edward L. Dowd III*
Edward L. Dowd III #61909(MO)
Assistant United States Attorney

7